IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
MORRIS JORDAN,

Petitioner,

    -vs-

TIMOTHY BRUNSMAN, Warden,

Respondent.
------------------------------------------------

CASE NO. 1:11 CV 793

ORDER ADOPTING REPORT AND
RECOMMENDATION AND
DISMISSING AND DENYING HABEAS
PETITION

UNITED STATES DISTRICT JUDGE LESLEY WELLS

I. INTRODUCTION

Before this Court is Morris Jordan's ("Mr. Jordan") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Docket No. 1). This case was automatically referred to Magistrate Judge Nancy A. Vecchiarelli for a Report and Recommendation ("R&R"). (Docket No. 5). The Magistrate Judge considered Mr. Jordan's petition (Docket No. 1), the Respondent's return of writ (Docket No. 11), and the traverse to the return of writ (Docket No. 15). On 26 January 2012, the Magistrate Judge filed her R&R, recommending the petition be dismissed. (Docket No. 19). Petitioner then filed timely objections to the R&R on 2 February 2012. (Docket No. 20).

As discussed below, this Court will adopt the Magistrate Judge's R&R, dismissing and denying Mr. Jordan's petition for a writ of habeas corpus.

## II. PROCEDURAL HISTORY

Mr. Jordan is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of State vs. Jordan, Case No. CR-07-497993-A (Cuyahoga County 2008). Mr. Jordan timely filed a notice of appeal in the state appellate court, alleging ineffective assistance of counsel and due process violations. On 13 August 2009, the state appellate court affirmed the judgment of the trial court in all respects except that it found that the trial court had erred in including post-release control as part of Mr. Jordan's sentence. The state appellate court, therefore, remanded the case to the trial court to correct the entry of judgment without holding a second sentencing hearing. On 5 October 2009, the trial court amended Mr. Jordan's entry of sentence *nunc pro tunc* to vacate the sentence of post-release control. Mr. Jordan did not file a timely notice of appeal of the state appellate court's judgment to the Ohio Supreme Court.

On 20 November 2009, Mr. Jordan filed a notice of appeal in the Ohio Supreme Court. On 18 December 2009, Mr. Jordan moved for leave to file a delayed appeal in the Ohio Supreme Court. The Ohio Supreme Court denied the motion without opinion on 19 February 2010 and dismissed the appeal.

While Mr. Jordan's direct appeals were pending, he filed two pro se post-conviction motions in the trial court. He filed a motion to reduce sentence, which the trial court denied on 22 July 2008, and a petition pursuant to Ohio Rev. Code § 2953.21, alleging ineffective assistance of counsel. There is no indication that the trial court ruled on the latter motion or otherwise disposed of the petition.

On 20 January 2011, Mr. Jordan filed a notice of appeal in the state appellate

court. The court *sua sponte* dismissed his appeal as untimely on 27 January 2011. Mr. Jordan filed the present petition for federal habeas relief on 21 April 2011.

## III. ADOPTION OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Mr. Jordan's petition asserts five separate grounds for relief. The Magistrate Judge concluded that Mr. Jordan had procedurally defaulted these five grounds for relief, and therefore, recommended that his petition be denied and dismissed.

In response to this R&R, Mr. Jordan filed a pleading entitled "Objections to Report and Recommendation / Stay and Abeyance." However, this pleading does not specifically object to the Magistrate Judge's reasoning or recommendation to dismiss Mr. Jordan's federal habeas petition with prejudice.[1] This Court will, therefore, adopt the Magistrate's R&R.

Indeed, pursuant to L.R. 72.3(b), any party objecting to a Magistrate Judge's proposed findings, recommendation or report "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." As this District Court has previously recognized in Bruce v. Tibbals, 2011 WL 4833528 (N.D. Ohio 2011), "a court is only required to conduct a *de novo* review of the portions of a R&R to which the parties have made an objection, and the parties have a 'duty to pinpoint those portions of the magistrate's report that the district court must specially consider.' Hillman v. Beightler, 2010 WL 2232635, *3 (N.D.

---

[1] Mr. Jordan's objection to the R&R includes a Motion for a Stay and Abeyance. As previously stated, Mr. Jordan filed a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21, alleging ineffective assistance of counsel. Although there is no indication that the trial court ruled on this motion, it would be futile to stay the present habeas petition. The claims Mr. Jordan raised in his petition are all claims he could have raised on direct appeal. Consequently, they are *res judicata* under Ohio law. See Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001).

Ohio 2010). In the absence of specific objections, a court may adopt conclusions reached by the Magistrate Judge without discussion. Hillman, 2010 WL 2232635 at *9.

In the present case, Mr. Jordan did not specifically object to, let alone reference or address, the Magistrate Judge's reasoning or recommendation.[2] The relevant pleading does not include any discussion of procedural default, the substantive basis for the Magistrate Judge's recommendation. Therefore, this Court will adopt the Magistrate's R&R and dismiss with prejudice Mr. Jordan's federal habeas petition.

## IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability ("COA") may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. Murphy v. Ohio. 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. Id. at 467. Each issue must be considered under the standards set forth by the Supreme Court in Slack v. McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Murphy, 263 F.3d at 467. Consequently, this Court examines petitioner's claims pursuant to the Slack standard.

Under Slack, 529 U.S. at 484, 120 S.Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." In the present case the Court finds that reasonable jurists could not find that this Court's

dismissal of Mr. Jordan's habeas claim was debatable or wrong. Indeed, Mr. Jordan presented five grounds for relief in his habeas petition, and the Court dismissed each one as procedurally defaulted. Accordingly, this Court denies a COA for Mr. Jordan's habeas claims.

## V. CONCLUSION

For the foregoing reasons, this Court denies the Petitioner's objections and adopts the Magistrate Judge's R&R. Accordingly, Mr. Jordan's habeas petition, filed pursuant to 28 U.S.C. § 2254, is denied and dismissed without further proceedings. The Respondent's Motion to Strike (Doc. 23) and Motion to Substitute Party (Doc. 26), and Petitioner's Motion for delayed reconsideration of the Report and Recommendation (Doc. 25) are hereby denied as moot.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE